TORRES *v.* LATHROP LUCE & CO. ET AL.

APPEAL from the District Court of Ponce.

No. 337.—Decided March 18, 1910.

ERRORS ALLEGED FOR THE FIRST TIME ON APPEAL.—Errors which have not been alleged either in the trial court or in the pleadings cannot be alleged for the first time on appeal.

MORTGAGE NOTES—PRESENTATION THEREOF.—The Mortgage Law contains no provision whatever regarding the presentation of mortgage notes upon the commencement of foreclosure proceedings, it being sufficient if they are presented, duly canceled, during the conduct of the proceedings.

FORECLOSURE PROCEEDINGS—UNNECESSARY TO SUE WIFE.—The wife of a mortgage debtor is not necessarily a party to a foreclosure proceeding against the debtor for the recovery of a mortgage constituted upon the ganancial property, because her husband is the legal representative of the conjugal partnership.

ID.—DEMAND—SERVICE OF NOTICE OF COMPLAINT.—Although it is true that a demand upon the debtor is necessary in order to commence mortgage foreclosure proceedings, service of notice of the complaint before the new Code of Civil Procedure went into effect was not a necessary requisite.

PROOF OF TEXT OF A JUDICIAL ORDER—DECLARATION OF JUDGE MAKING SAME.—The declaration of a judge making an order, whose written text has been mislaid, is the best evidence that may be presented to prove the text of the order, and oral testimony changing the terms of a written document is not evidence.

VALIDITY OF AN ORDER SIGNED BY THE JUDGES—PRESUMPTION.—The certificate of the secretary to show that an order was signed by all of the judges warrants the presumption that one of them who was not a judge acted by legal substitution.

ID.—ORDER SIGNED BY TWO JUDGES.—The signature of two of three judges, as the courts were formerly constituted, is sufficient to give validity to an order in a mortgage foreclosure proceeding.

PUBLICATION—CORRECTION OF ERRORS AS TO DATE IN RETURN OF MARSHAL.—Although the certificate of a marshal to prove publication of the notices contains errors as to the date, these errors may be corrected by an order of the court.

SALE OF MORTGAGED PROPERTY—UNIMPORTANT OMISSIONS IN PUBLICATION.—Where a mortgaged property was assessed for the purpose of a public sale at $37,000 and it was sold for $500 in cash, the purchaser assuming the mortgage of $37,000, the property must be deemed to have been sold for more than two-thirds of its assessed valuation, and the debtor was in nowise prejudiced by the fact that, in the published notices, it was announced that no offers would be accepted unless they covered two-thirds of the assessed valuation of the property.

RENDERING OF ACCOUNTS—EXPIRATION OF TIME WITHOUT OBJECTION THERETO.—In this case, some years having passed without the party to whom the accounts were rendered having made any objection whatever, it was held that his failure so to do constituted tacit approval of the accounts.

ACTS AND STATEMENTS OF PARTIES—MODIFICATION OF A WRITTEN CONTRACT.—The acts and statements of the contracting parties are admissible in evidence to show that, by mutual agreement the original contract was changed.

SATISFACTION OF MORTGAGE DEBTS—APPLICATION OF AMOUNTS TO THE PAYMENT OF ACCOUNTS CURRENT.—The creditor is not bound to apply payments first to the satisfaction of a mortgage debt, but he may apply the same to the payment of accounts current, made the subject of an express agreement.

MORTGAGE PROCEEDING—ACTS OF ASSIGNEES OF A MORTGAGE DEBTOR.—Where the assignees of a mortgage debtor and owner according to the registry of property, tacitly accepts the record in the registry of the title of adjudication of the mortgaged property to the purchaser at a public sale, such acceptance binds the assigning debtor.

ID.—FICTICIOUS ASSIGNMENT.—Evidence tending to show the ficticious character of an assignment was properly excluded by the trial court.

OWNER ACCORDING TO THE REGISTRY—PRIVATE AGREEMENTS WITH PREDECESSOR.—A person who enters into a contract with the person who, from the registry, appears to be the owner of the thing involved, cannot be prejudiced by secret agreements between the owner of record and his predecessor.

EXCLUSION OF EVIDENCE—OBJECT THEREOF.—Objections to the exclusion of evidence must show the purpose of the introduction thereof.

ID.—DECISION OF PRINCIPAL QUESTIONS IN LITIGATION.—Where a suit is decided on the main questions involved in a case against the party prejudiced by the exclusion of evidence upon subsidiary points, such as damages and losses, such exclusion does not constitute an error prejudicial to his rights.

The facts are stated in the opinion.

*Messrs. Boerman and Llorens* for appellant.

*Mr. José Tous Soto* for respondent.

MR. JUSTICE WOLF delivered the opinion of the court.

Marcelino Torres Zayas and his wife, Mercedes Laborde, who were the owners of an estate called Semil, on February 26, 1901, appeared before a notary and executed a mortgage on the same in favor of William S. H. Lothrop in the sum of $46,000, which was divided among eight notes signed by the said Torres Zayas to the order of the firm of De Ford & Co. of the city of Ponce. A part of the debt was secured by a mortgage on the Estate Monserrate and the owners, Collazo, Pérez Guerra & Co., joined in the mortgage.

One of the agreements of the contract was that interest at the rate of 10 per cent per annum should accrue on February 26, of each year until the principal became due, which would take place on February 26, 1905. The mortgage was made to include the interest payments.

The ninth clause of the mortgage provided that the debtor, Torres Zayas, should annually deliver to De Ford & Co. the products of the tract, Semil, to permit said firm first to pay themselves the annual interest and then deliver whatever balance there was to Torres Zayas for the expenses and cultivation of the said land.

It appears that the notes were made out to De Ford & Co. although the deed recites that they were payable to Lothrop; but this mistake and other minor ones were remedied by a suit brought at a later date against the debtor and others, in which it was adjudged that the notes described in the deed were the identical ones previously set forth in this opinion and that Lothrop was in reality the trustee for De Ford &

Co. of which firm he was a member. Furthermore, although this discrepancy was made an assignment of error in the appellant's brief, such error was not put in issue by the pleadings, nor was it raised in the court below and it cannot be raised for the first time in the appellate court.

It is conceded that the appellant paid the interest that accrued in 1902 and 1903, but the appellee maintained that the interest due on February 26, 1904, was not paid. The appellant asserts the contrary and the principal contest in the case has been waged about this point.

By reason of this alleged default in the payment, Mr. William S. H. Lothrop began, in the District Court of Ponce, a mortgage proceeding against the debtor, Torres Zayas. This mortgage proceeding was commenced April 25, 1904, Mr. Lothrop having previously obtained the necessary certificate of the state of the record from the registry of property, and which certificate showed that the property was recorded in the name of Torres Zayas. On April 25, 1904, Mr. Torres Zayas, by means of a public document, conveyed the aforesaid property to Alejandro Alvarado, and the property was finally sold in the foreclosure proceedings to Pedro Juan Rosaly Capó in September, 1904. On August 29, 1905, Francisco Parra, representing Don Pedro J. Rosaly, appeared before the District Court of Ponce in the same mortgage proceeding and set up that his client was unable to have the property recorded in the registry because the same appeared to be recorded in the name of Alejandro Alvarado and not in the name of Torres Zayas, and, as this fact made it impossible for his client to obtain a title in due form of the property which he had acquired by virtue of the adjudication made by the marshal, he prayed the court to notify Don Alejandro Alvarado of the adjudication made to Don Pedro Juan Rosaly of the farm, Semil, in order that the former might pay the sum that was due thereon and the interest, and in the event of his not doing so within 10 days that an order should be delivered to the registry of property in accordance with

the Mortgage Law to cancel the record of ownership which said Alvarado had in his favor. Such an order was accordingly issued to Alvarado and on September 29, 1905, the same Alvarado appeared in the District Court of Ponce and said in substance that at first he had, by means of his lawyer, Mr. Llorens Torres, opposed the petition of Mr. Rosaly, but later abandoned his opposition without appearing in the court to make such opposition, and the said Alvarado goes on to say that, desiring to make known in the clearest manner his acquiescence in the petition of Mr. Rosaly, he appears and says "that not being able to pay to Mr. Rosaly the sum for which the plantation, Semil, was sold, the interest and costs, he joins in the petition made by Mr. Rosaly that the record of ownership which he, Alvarado, had on said property should be canceled.

Between the time that Alvarado acquired the property from Torres Zayas and the time that he gave his consent to the record aforesaid, he had appeared in the district court and brought a suit against the present appellees, the grounds of which suit were substantially the same as were brought out in the complaint of Mr. Torres Zayas in this appeal. This suit of Alvarado was abandoned by him apparently without having served such appellees, defendants herein.

On April 20, 1907, a rescision of the contract between Torres Zayas and Alvarado was executed.

The amended complaint in this case was filed on January 15, 1908. In its essential aspects it is a suit for the amendment of all the proceedings, which resulted in the sale to Mr. Rosaly of the farm, Semil.

The defendants in this action are Lothrop, Luce & Co., Pedro Rosaly Capó and Alice Lothrop. Lothrop, Luce & Co. are the successors of De Ford & Co., and Alice Lothrop is the widow of W. S. H. Lothrop.

We have already considered one of the alleged grounds of nullity, namely, the fact that the notes were made payable to De Ford & Co. instead of being made payable to Lothrop.

The next ground of nullity was that the notes were not filed when the mortgage proceeding was begun and that such notes were indorsed to third persons. There does not appear to be anything in the Mortgage Law which requires the notes to be presented at the beginning of the mortgage proceeding. De Ford & Co. were acting as trustee for the holders of the notes and the said notes were returned to them. There was no danger of the defendants being sued by other persons because, in the present suit, the notes were delivered up canceled. The indorsement made by De Ford & Co. to James H. Buchanan shows, moreover, that the collection of the notes was left in the hands of De Ford & Co. It does not appear, furthermore, that the notes were not in the hands of De Ford & Co. when the proceeding was initiated.

Appellant next alleges that Torres Zayas was married and his wife was not made a party in the mortgage proceeding. Whilst a wife is a necessary party to a deed of land she is not a necessary party in a suit concerning the community property, the husband being the administrator thereof. (See sections 161 and 1327 of the Civil Code, and the case of *Porto Rican Leaf Tobacco Co.* v. *Ereño et al.,* decided February 16, 1910.)

The fourth objection was that Torres Zayas was not served with a copy of the complaint. The proceeding had been begun before the Code of Civil Procedure went into effect, and there is nothing to show that the citation (*requerimiento*) was not in the due form required by the Mortgage Law.

The next objection is that there is no order or sentence of the court which authorizes the secretary of the District Court of Ponce to issue an order of execution to the marshal. At the trial of the case the writ issued to the marshal was offered in evidence and shows that there was such an order. Furthermore, on account of the death of the original attorney for the foreclosing parties, Mr. Colón, and of the secretary of the district court, the only other witnesses to the execution of the order, the judge in question, (who is the attorney of the appel-

lees in this case), took the stand and showed that such an order was issued. It was strenuously objected that this was parole evidence to vary the terms of a written record. It was, however, the best evidence in existence, and instead of changing the terms of the record, merely supplied something that was lacking.

It was then objected that the order of May 3, 1904, issuing the citation and the order of June 16, ordering the auction were incomplete, the first because it was signed by two regular judges and a lawyer by the name of Horacio S. Belaval, who was not a judge; and the second, because it was signed by two judges only. The secretary certifies as to the first order that it was signed by the judges of the court (*Señores del Tribunal*), and this indicates that Belaval was a substitute judge in accordance with the General Order of 1899, No. 118. In respect to the second order, two judges can give validity to a writ or order and it is sufficient if such order is signed by the instructing judge.

It is then said that an error was originally made with regard to the publication, 20 days not being shown to have elapsed between the announcement of the auction and the public sale; but this error was corrected by a subsequent order of the court; in other words, whilst the return of the marshal seemed to show that the proper time was not allowed, the orders were in point of fact published in due time in the Porto Rico Eagle, and the mistake of the marshal in his return was corrected by the order of the court.

The next objection is that mortgage announcements or edicts did not announce that bids would not be received which did not cover two-thirds of the value of the farm. In the original mortgage deed two pieces of property were mentioned, the firm of Collazo, Pérez Guerra & Co. mortgaging their property, Monserrate, in part, to cover the money loaned to Torres Zayas. The plantation Semil was valued at $40,000 and its mortgage responsibility fixed at $37,000. At the auction sale the property was sold to Mr. Rosaly for $500 and the

assumption of the mortgage of $37,000 and the payment of the receiver's balance. Therefore, as the property was sold for more than two-thirds of the mortgage value, namely, the assumption of the mortgage of $37,000 and the payment of $500 cash and said balance, the error, if any, did not prejudice the appellant.

These were substantially all the matters of mortgage procedure which the appellant alleged to be erroneous.

We come now to the consideration of the question of payment. The complainant, Torres Zayas, alleges in his complaint that he turned over all the products of the mortgaged estate, from the day on which the mortgage was constituted until May 3, 1904, and that the products which were turned over by him to De Ford & Co. during all of that time were sold by them, and that the money obtained from such sales greatly exceeded the amount of the interest which was due and payable in February, 1904, and that in this manner the interest which was due on February 26, 1904, was paid. The defendants put in a general denial to the facts set out in that part of the complaint to which the foregoing allegations relate, admitting only the truth of the contents of the ninth clause in the mortgage. The appellees, in their brief, admit that all the sums which came from the sale of coffee, the product raised by Mr. Torres Zayas, entered into their hands, with the possible exception of a part of one sale, disposed of by the debtor himself. We have gone over the testimony with care and we do not find that there was any money which came into the hands of De Ford & Co. or their successors proceeding from Torres Zayas for which no account was rendered. A great part of the time, and especially during the period between 1903 and 1904, De Ford & Co. rendered monthly accounts to Torres Zayas, who never challenged the correctness of their accounts until the complaint in this case was filed. It is true that Alvarado made a similar suggestion in his complaint that more money had passed into the hands of Lothrop, Luce & Co. than was necessary to pay the interest; but

they abandoned the suit and the fact remains that the first attempt to show that there was more money in their hands was during the trial of the present suit which was several years later. We think the appellant delayed too long in objecting to the accounts of his bankers.

Mr. Rosaly was made a witness of the complainant in the court below, and as such witness testified to the fact that the original contract of mortgage was modified by the agreement of the parties, and in part his testimony is corroborated by Mr. Coe, a witness for the defense.

Mr. Rosaly testified substantially that Mr. Torres Zayas, needing money for the immediate expenses of the cultivation of his property, asked that he should be allowed to draw upon the account which he had with them for the purpose of covering such expenses, and this agreement was accordingly made. After the making of this agreement the appellant checked out against his account, and the amount of the money that was so checked out did not leave a sufficient amount in the hands of De Ford & Co. to pay the interest that fell due on February 26, 1904. Mr. Rosaly is contradicted by Mr. Torres Zayas in some respects, but he is not impugned in any way as a witness and as the court below found in favor of the appellees, this branch of the case must be governed by the familiar principle sustained by this court that where there is conflict in the evidence, the finding of the lower court will not be disturbed in the absence of passion, partiality or prejudice. The acquiescence, in the accounts rendered him was also evidence that the contract between the parties had been changed. It is urged by the appellant that the debtors were bound to apply the payment first to the extinction of the mortgage and not to the satisfaction of the checks which were drawn against them; but when the statements of the witnesses, Rosaly and Coe, affirming the change in the contract, are considered along with the acquiescence of Mr. Torres Zayas, we do not think that the principle of section 1140 of the Civil Code is applicable. The

original contract was changed by the declarations and acts of the parties.

We think moreover that the acts of Alvarado were a renunciation of any rights that the appellant might have had. The former appeared in court and solemnly announced his aquiescence in the petition of Mr. Rosaly. That petition, as we have seen, recited that the citation of Alvarado was necessary to complete title in Mr. Rosaly. Alvarado was the record owner and the ostensible owner. He not only had a duly recorded public document in his favor, but he had begun a suit similar to the present one and this course of action was inconsistent with the possession by anyone else.

The appellant complains that the court erred in not permitting him to show that the conveyance made from Torres Zayas to Alvarado was fictitious or simulated and that the real party in interest was always Torres Zayas. We cannot see that the court committed an error in refusing to admit such testimony; at most Alvarado would have to be considered as the agent or representative of Torres Zayas and the maxim *qui facit per alium facit per se* may be held to apply. The registry system in Porto Rico exists to apprise purchasers and others who are the true owners of property, and if a man, after treating with the apparent owner, may still have his title impugned by a secret agreement existing between such record owner and the alleged true owner, there would be no security in the acquisition of property.

Some other errors are alleged with respect to the refusal of the court to admit testimony of the value of the coffee turned over during the years 1902 and 1903, and also of the value of the property turned over from 1903 up to 1908. The question of the amount of coffee that De Ford & Co. had in hand at the time of the mortgage proceeding was fully gone into at the trial, and the amounts received by them during that time accounted for in the manner which we have previously indicated. The object of this offer on the part of the complainant in the court below does not appear very clearly.

Its object does not appear to have been to affect the question
of payment, but some other purpose which is not made evi-
dent.  It might have had some bearing if the question of dam-
ages was reached; but if such was its purpose, it was not
made clear to the court and no prejudicial error could have
arisen by reason of the fact that the principal cause of action
having failed, the subsidiary ones alleged by the complainants
would also have to fail.

The record in this case is prepared in a very clumsy man-
ner.  Documents are inserted at large when a mere reference
to their contents would have been sufficient.  The testimony is
presented in the form of question and answer instead of in
narrative form as indicated in the case of *López* v. *Railroad
Co.* (11 P. R. Rep., 148), decided on June 28, 1906.  We think
that appellees could expedite the consideration of cases in this
court by drawing the attention of the judges below to the
way in which records are prepared, and suggesting amend-
ments to conform to the principles of good practice we have
enunciated.

We find no error in the judgment of the court below, and
the judgment must be affirmed.

*Affirmed.*

Chief Justice Hernández and Justices Figueras and Mac-
Leary concurred.

Mr. Justice del Toro did not take part in the decision of
this case.